IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIVIANYS MORALES ALVAREZ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-00093-01-CR-W-BCW |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Consolidated Pretrial Motions (Doc. #53) which seek a dismissal of the Superseding Indictment. For the reasons set forth below, it is recommended that the District Court deny Defendant's Consolidated Pretrial Motions.

## I. INTRODUCTION

### A. The Original Indictment

On March 26, 2025, the Grand Jury returned a one-count Indictment charging defendant Divianys Morales Alvarez with Theft of Government Money, that is the theft of approximately $66,135.00 of Title II Benefits from the Social Security Administration, to which she was not entitled, in violation of 18 U.S.C. § 641.

### B. The Government's Notice of Its Intent to Offer Evidence of Other Crimes, Wrongs, or Acts

On September 19, 2025, the Government filed a Notice of Its Intent to Offer Evidence of Other Crimes, Wrongs, or Acts which included the following Factual Background:

The defendant has been charged with the theft of government money for a series of acts, between January 2020 and continuing through on or about August 2024, whereby she did willfully and knowingly embezzle, steal, purloin, and convert to her own use Social Security Administration Title II retirement benefits which were paid out to an intended beneficiary, and to which defendant was not entitled to receive, all in violation of 18 U.S.C. § 641. At trial, the United States anticipates introducing evidence that defendant, on a monthly basis between January 2020 and August 2024, accepted and spent these retirement benefits by converting them to her own use.

By way of background, the United States anticipates introducing evidence via testimony that an SSA Title II retirement beneficiary is the intended recipient of those benefits paid out by the government of the United States by and through the SSA. In this instance, the Intended Beneficiary (who is not the defendant) was the intended recipient and beneficiary of that money.[1]

In the course of the investigation, SSA investigators determined that defendant accepted, and later deposited, various checks issued by the United States Treasury intended for that same Intended Beneficiary on at least three instances over that period of time, which are as follows:

- July 29, 2020 – Defendant deposited a check made out to the Intended Beneficiary from the United States Treasury for $1,996.73
- February 10, 2021 – Defendant deposited a check made out to the Intended Beneficiary from the United States Treasury for $600.00
- May 1, 2021 – Defendant deposited a check made out to the Intended Beneficiary from the United States Treasury for $176.00

---

[1]Defendant Alvarez provides the following background as to the Intended Beneficiary:

> The defendant is the daughter of the Social Security beneficiary at issue. The beneficiary ("R.A.") began receiving Retirement Insurance Benefits ("RIB") from the Social Security Administration ("SSA") prior to the events at issue. The benefits were deposited into a joint bank account held in the names of R.A. and the defendant. The joint account had existed for many years prior to the alleged conduct.
>
> In late 2019, R.A. began suffering from symptoms consistent with dementia. In February 2020, R.A. traveled to Cuba to stay with her brother and extended family. The trip was initially expected to be temporary. However, R.A. ultimately remained in Cuba. While R.A was in Cuba, SSA retirement benefits continued to be deposited into the joint bank account in the United States. Those deposits continued until 2024, when SSA ultimately paused the benefits after learning that R.A. remained outside the United States.

(Doc. #53 at 2.)

> Defendant endorsed the deposit tickets for the deposits of these checks, which were deposited into a bank account jointly held by defendant and the Intended Beneficiary. However, each of these checks were purportedly signed on the back by the Intended Beneficiary before they were deposited in person at a bank branch in Kansas City, Missouri. Anticipated evidence will show this was a functional impossibility as the Intended Beneficiary was not known to reside within the United States since early 2020.

(Doc. #21 at 2-3.)

C. The Superseding Indictment

On December 9, 2025, the Grand Jury returned a four-count Superseding Indictment against defendant Alvarez. The Superseding Indictment charges defendant Alvarez with Theft of Government Money, that is the theft of approximately $66,135.00 of Title II Benefits from the Social Security Administration, to which she was not entitled (Count One) and the theft of approximately $2,772.78 of refunds and credits from the Internal Revenue Service, to which she was not entitled (Count Two), all in violation of 18 U.S.C. § 641; with Bank Fraud (Count Three), in violation of 18 U.S.C. § 1344; and with Aggravated Identity Theft (Count Four), in violation of 18 U.S.C. § 1028A(c)(1).

D. Standards for Evaluating a Motion to Dismiss

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it: (1) contains the essential elements of the offenses charged; (2) fairly informs the defendant of the charges against which she must defend; and (3) enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same

offenses. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019); *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir.), *cert. denied*, 571 U.S. 888 (2013). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *Hamling*, 418 U.S. at 117).

## II. DISCUSSION

Defendant Alvarez seeks to dismiss each count of the Superseding Indictment.

### A. Counts One and Two

Counts One and Two of the Superseding Indictment provide:

> **COUNT ONE**
> **(*Theft of Government Money*)**
>
> From on or about January 2020 through on or about August 2024, in the Western District of Missouri, defendant Divianys Morales Alvarez, did willfully and knowingly embezzle, steal, purloin, and convert to her own use money of the United States and a department and agency thereof, whose value exceeded $1,000.00, that is, approximately $66,135.00 of Title II Benefits from the Social Security Administration, to which she was not entitled, all in violation of Title 18, United States Code, Section 641.
>
> **COUNT TWO**
> **(*Theft of Government Money*)**
>
> From on or about July 29, 2020 through on or about May 1, 2021, in the Western District of Missouri, defendant Divianys Morales Alvarez, did willfully and knowingly embezzle, steal, purloin, and convert to her own use money of the United States and a department and agency thereof, whose value exceeded $1,000.00, that is, approximately $2,772.73 of refunds and credits from the Internal Revenue Service, which is an agency of the United States Department of the Treasury, which were issued to INDIVIDUAL-A and to which she was not entitled, all in violation of Title 18, United States Code, Section 641.

(Superseding Indictment (Doc. #34 at 2.))

The statute that defendant Alvarez has been charged with violating in Counts One and Two, 18 U.S.C. § 641, provides in part:

**§ 641. Public money, property or records**

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . ; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted --
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate . . . does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 641.

Counts One and Two of the Superseding Indictment track the statutory language of 18 U.S.C. § 641. Each of these counts allege that defendant Alvarez did willfully and knowingly embezzle, steal, purloin, and convert to her own use money of the United States and a department and agency thereof, whose value exceeded $1,000.00, to which she was not entitled. Thus, the Court finds Counts One and Two sufficient in that each count contains the essential elements of the offense charged, fairly informs defendant Alvarez of the charges against which she must defend, and enables defendant Alvarez to plead an acquittal or conviction in bar of future prosecution for the same offenses.

Despite the fact that Counts One and Two track the pertinent statutory language, defendant Alvarez argues that Counts One and Two should be dismissed because "the government has failed to adequately allege that the funds at issue remained property of the United States at the time they were used." (Doc. #53 at 4.) Defendant Alvarez argues that the government's theory relies on restrictions governing the payment of benefits to individuals

residing in Cuba, such as 42 U.S.C. § 402(t),[2] 31 U.S.C. § 3329,[3] and 31 C.F.R. § 515.201,[4] but that these provisions merely regulate payment transmission. (Doc. #53 at 4.) The government, citing 31 C.F.R. § 211.1[5] and RS 02650.001,[6] argues that the intended recipient of both the Social Security Administration and Internal Revenue Service funds, R.A., was ineligible to receive those funds while she resided in Cuba and that the payments should have been suspended. (Doc. #56 at 3.)

The Eighth Circuit Court of Appeals has found that when a United States Treasury check was erroneously issued and the defendant took advantage of the error by converting the funds to his own benefit, the defendant could be prosecuted under 18 U.S.C. § 641, even though the defendant did nothing to induce the government to issue the check, as the funds remained government property even after delivered and deposited. *See United States v. Irvin*, 67 F.3d 670, 672 (8th Cir. 1995) ("When a Treasury check is mistakenly issued, the government's property interest in the funds does not pass to the unintended recipient.") *See also United States v. McRee*, 7 F.3d 976, 977 (11th Cir. 1993) ("the government does not lose its property interest in an erroneously issued [IRS refund] check even in circumstances where the recipient has done nothing to induce the issuance of the check"); *United States v. Spear*, 734 F.2d 1 (8th Cir. 1984)

---

[2]Section 402(t) is titled "Suspension of benefits of aliens who are outside United States."

[3]Section 3329 is titled "Withholding checks to be sent to foreign countries."

[4]Section 515.201 is titled "Transactions involving designated foreign countries [Cuba] or their nationals."

[5]Section 211.1 is titled "Withholding delivery of check."

[6]Treasury Department and SSA Restrictions 02650.001 provides that "no monthly benefits accrue to a beneficiary who is not a citizen or national of the United States for any month in which he or she resides in [Cuba] . . . . Residence (not presence) in [Cuba] is the cause for nonpayment. . . .

(when Social Security benefits continued to be deposited by electronic transfer into the joint account of Hazel Spear and her son, even after the Social Security Administration was notified of Hazel Spear's death, her son was properly convicted under 18 U.S.C. § 641 for dishonestly taking advantage of the error by converting the funds to his own benefit).

The government contends that because the funds at issue in Counts One and Two were erroneously issued, they remained the property of the United States. Whether the government will present sufficient evidence to support these allegations cannot be determined prior to trial.

Defendant Alvarez further argues that because Congress addressed improper benefit payments through a comprehensive administrative process, 42 U.S.C. § 404, erroneous payments are intended to be resolved administratively rather than through criminal prosecution. (Doc. #53 at 5-6.) The Eighth Circuit Court of Appeals rejected this argument in *United States v. Spear*, 734 F.2d 1, 2 (8th Cir. 1984) ("We are unconvinced that Congress intended to render 18 U.S.C. § 641 ineffectual . . . merely by the enactment of provisions which specify penalties for certain types of Social Security fraud and provide administrative procedures for adjustment of underpayments and overpayments. . . . [I]t was within the discretion of the government to proceed under 18 U.S.C. § 641.")

While it is within the discretion of the government to proceed under 18 U.S.C. § 641, again, it remains to be seen whether the evidence will be sufficient to support a conviction.

Finally, defendant Alvarez argues that she had no criminal intent, especially given the complexity of the foreign-payment restrictions. (Doc. #53 at 6, 10.) While defendant Alvarez acknowledges that "the prosecution does not need to establish that a defendant had knowledge that property taken belonged to the federal government, . . . the prosecution must still prove the

defendant had the intent to steal and was not entitled to the funds."[7] (*Id.*) *See United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012) (evidence of whether the defendant had knowledge of the fact that he was not entitled to the benefits paid would be necessary to establish the element of intent found in 18 U.S.C. § 641).

Whether the government will present evidence to establish that defendant Alvarez had the requisite intent cannot be determined prior to trial.

Counts One and Two track the appropriate statutory language. They contain the essential elements of the offenses charged, fairly inform defendant Alvarez of the charges against which she must defend, and enable the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. There is no basis for dismissal of Counts One and Two.

B. Count Three

Count Three of the Superseding Indictment provides:

> **COUNT THREE**
> **(*Bank Fraud*)**
>
> From on or about July 29, 2020 through on or about May 1, 2021, in the Western District of Missouri, defendant Divianys Morales Alvarez, with intent to defraud, did knowingly execute a scheme to defraud a financial institution to obtain moneys under its custody and control by means of false or fraudulent representations, by presenting for deposit, United States Treasury checks issued to INDIVIDUAL-A with a forged signature as an endorsement and that financial institution, First Federal Bank of Kansas City, was insured by the Federal Deposit Insurance Corporation, all in violation of Title 18, United States Code, Section 1344.

(Superseding Indictment (Doc. #34 at 2-3.))

[7] The Model Criminal Jury Instructions provide: "It is not necessary to prove that the defendant knew that the government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the government did in fact own the money . . . and that the defendant knowingly and willfully [embezzled] [stole] [converted] it." Model Crim. Jury Instr. 8th Cir. 6.18.641 (2026).

The statute that defendant Alvarez has been charged with violating in Count Three, 18 U.S.C. § 1344, provides:

> **§ 1344. Bank fraud**
>
> Whoever knowingly executes, or attempts to execute, a scheme or artifice–
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344.

Defendant Alvarez argues that Count Three should be dismissed because "the facts alleged do not establish a scheme to defraud a financial institution or the use of materially false or fraudulent representations directed at the bank." (Doc. #53 at 13-14.)

There is no summary judgment procedure in federal criminal cases. *See United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025). *See also United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (as long as the indictment contains a facially sufficient allegation of the elements of the charged offense, federal criminal procedure does not provide for a pre-trial determination of the sufficiency of the evidence).

Count Three tracks the appropriate statutory language. Whether the government will introduce sufficient evidence to prove these allegations cannot be resolved prior to the government's presentation of its case to the jury. There is no basis for dismissal of Count Three.

C. Count Four

Count Four of the Superseding Indictment provides:

**COUNT FOUR**
**(*Aggravated Identity Theft*)**

From on or about July 29, 2020 through on or about May 1, 2021, in the Western District of Missouri, defendant Divianys Morales Alvarez, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another, that is, the defendant used the name of a real person, INDIVIDUAL-A, during and in relation to the felony of theft of government money as alleged in Count Two and the felony of bank fraud as alleged in Count Three, all in violation of Title 18, United States Code, Section 1028A(c)(1).

(Superseding Indictment (Doc. #34 at 3.))

The statute that defendant Alvarez has been charged with violating in Count Four, 18 U.S.C. § 1028A(c)(1), provides in part:

**§ 1028A. Aggravated identity theft**

(a) Offenses.—

(1) In general.—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

* * *

(c) Definition.—For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of—

(1) section 641 (relating to theft of public money, property, or [records] . . . .

* * *

(5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud) . . . .

18 U.S.C. § 1028A.

Defendant Alvarez argues that Count Four should be dismissed because she merely endorsed Treasury checks payable to her mother and deposited the checks into their joint bank account. (Doc. #53 at 16.) Defendant Alvarez contends that she "did not misuse another person's means of identification[8] when she deposited the checks into the joint bank account" as "[s]he made it clear who she was and who the check belonged to (which was self-evident)." (*Id.* at 17.)

The government, however, contends that defendant Alvarez used another person's means of identification (by forging her mother's signature) on Treasury checks without authority in order to convert to her own use money of the United States and to commit bank fraud. (Doc. #56 at 6.)

Again, there is no summary judgment procedure in federal criminal cases. *See United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025). *See also United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (as long as the indictment contains a facially sufficient allegation of the elements of the charged offense, federal criminal procedure does not provide for a pre-trial determination of the sufficiency of the evidence).

Count Four tracks the appropriate statutory language. Whether the government will introduce sufficient evidence to prove these allegations cannot be resolved prior to the government's presentation of its case to the jury. There is no basis for dismissal of Count Four.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Consolidated Pretrial Motions (Doc. #53).

---

[8]The term "means of identification" includes any name that may be used to identify a specific individual. *See* 18 U.S.C. § 1028(d)(7).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge